UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                        Case No.  1:10-CV-865

v.                                                    HON. GORDON J. QUIST

SCENIC VIEW DAIRY, L.L.C.,
and MICHAEL D. GEERLINGS,

       Defendants.
_____/

### MEMORANDUM REGARDING INJUNCTIVE ORDER

      After hearing the Plaintiff's motion for summary judgment and considering the parties respective submissions regarding the terms and conditions of an injunctive order, the court has entered its Injunctive Order.  For the most part, the court adopted the order proposed by the Plaintiff with some significant changes in substance and style.   The court will now explain some of the changes that it made to the proposed order submitted by Plaintiff.  This is not an exhaustive list, and the parties should carefully read the Injunctive Order.

      1.      The Injunctive Order is limited to Scenic View Dairy, LLC, and all those acting with Scenic View as defined in paragraph 1 of the Injunctive Order.  The court does not believe it necessary to name each individual defendant as personally governed by the Injunctive Order, except as described in paragraph 1 because, among other reasons, many of the provisions of the Injunctive Order will not be in the control of an individual defendant.  That is, each defendant will not, for example, develop the computer programs to implement the terms and conditions of the Injunctive Order or look over the shoulder of every veterinarian who comes onto a farm.

        Furthermore, the individual defendants are already covered by paragraph 1. Also, there are areas in which the Plaintiff's reference to "Defendants" in the context of its proposed order were grammatically incorrect.

2. Exceptions to paragraph 1 of this Memorandum occur in subparagraphs 1.F., 2.D., and 10. The reason for this is so that no one at Scenic View can deny lack of notice or responsibility. Note that Scenic View must file with this court the address at which it wishes to have Mr. Geerlings and Scenic View served with notices.

3. Paragraph 2 puts the burden upon the FDA to tell Scenic View the problems with its system and what would satisfy those problems. Scenic View should not have to thrash about in an attempt to determine what it must do to comply with FDA requirements. In other words, the FDA would have to tell Scenic View how it failed and what would constitute a correction of the failures.

4. Paragraph 4.A. has been revised to limit the written notices by striking the phrase "and to any and all persons in active concert or participation with any of them." Under the terms of the Injunctive Order, this phrase is too vague and broad - e.g., an independent truck driver transferring a Cow for slaughter. The breadth of paragraphs 1 and 5 is also somewhat vague but the difference is that in order for there to be a violation of those paragraphs Plaintiff would have to prove knowledge <u>and</u> responsibility for the wrongful act. An ordinary independent contractor, for example, or an employee who milks Cows would have no responsibility if that person reasonably relied upon others or Scenic View systems to fulfill their roles.

5. The burden of continuing the Injunctive Order beyond four years has been switched to the Plaintiff. The Injunctive Order will stay in effect through December 31, 2015,

but, prior to January 1, 2016, Plaintiff may move to continue the Injunctive Order beyond 2015. The court believes that once Scenic View gets its act together regarding vaccinations and record keeping, it should, in essence, be treated as other farms in its business. The court believes that four years is a reasonable time under all of the circumstances.

6. Scenic View is given a reasonable period of time to come into compliance with the terms of this Injunctive Order. The court has viewed this case as primarily a failure by Scenic View to keep sufficient records to comply with the law. The Plaintiff has not alleged, for example, that Scenic View's record keeping has led to any actual injury. Furthermore, there was no detectable anxiety on the part of Plaintiff regarding tainted food in the food supply chain because of any wrongful act of Scenic View.

7. Despite Scenic View's protests to the contrary, the court sees little difficulty in Scenic View's coming into compliance with the record keeping requirements required by the Plaintiff and by this court. Furthermore, the court has permitted Scenic View to keep its records by computer to the extent that such record keeping can be verified and is correct. However, prescriptions for a Cow's medication and other certain records must be in writing and sent to the FDA. See ¶ 2.E. This requirement could possibly be changed in the event that the specific licensed veterinarian giving the prescription has a secure internet means for prescribing the medication and there are secure ways to verify these records - e.g., iPads and similar devices are taking over many routine record keeping tasks.

8. Subparagraph 9.A. requires Scenic View to cease selling Cows, as distinguished from ceasing operations. There was nothing presented to the court to indicate that Cows' milk was a risk to consumers.

9. Any party may move to enforce or modify the Injunctive Order. ¶ 15. The purpose of this is to clarify matters that need clarifying, to avoid the unintended consequences that often arise with injunctions, to change the injunction as circumstances change, and to correct mistakes.

10. Also note that, except for creating and maintaining adequate records, nothing in the Injunctive Order permits Scenic View to violate any law or regulation of the United States. ¶ 16. Laws and regulations change all of the time, and Scenic View, like every other business, must comply with valid laws.


Dated: October 21, 2011                         /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE